United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Borinquen Health Care Center, Inc. ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. 21-20872-Civ-Scola |
| ) | |
| ICare RX LLC and Healthcap ) | |
| Solutions, LLC, Defendants. ) | |

### Order Granting Motion to Dismiss

  This cause is before the Court upon the Defendants ICare RX LLC and Healthcap Solutions LLC's motion to dismiss the amended complaint. (ECF No. 25.) The Plaintiff Borinquen Health Care Center Inc. opposes the motion. (ECF No. 29.) The Court has considered the motion, the parties' briefing, the record, and the relevant case law. For the reasons discussed below, the motion is **granted**. **(ECF No. 25.)**

  This dispute stems from a failed business relationship between the parties. Borinquen Health Care Center Inc. ("BHCC") is a federally qualified health center incorporated in Florida. (ECF No. 15 ¶ 4.) As such, BHCC is a participant in the Public Health Service 340B program, which is overseen by the United States Department of Health and Human Services' Health Resources Administration ("HRSA"). (*Id.* ¶ 14.) Under the 340B Program, BHCC is able to purchase medicines for its patients at reduced prices and is able to dispense those medicines through their own pharmacies or through contracts with outside pharmacies, which act as purchasing and dispensing agents. (*Id.* ¶ 17.) On July 21, 2018, BHCC and ICare RX LLC ("ICare") entered into a five-year pharmacy services agreement whereby BHCC would pay ICare a dispensing fee in exchange for ICare to provide pharmacy services for BHCC's patients and to train and educate BHCC personnel in the 340B Program. (*Id.* ¶ 25.) On the same date, BHCC entered into a separate contact with Healthcap Solutions LLC ("Healthcap"), which is an entity affiliated with ICare. (*Id.* ¶ 42.) Healthcap agreed to advance funds to BHCC in exchange for 2% of the funds advanced to be paid within a month from the date of the advance. (*Id.* ¶ 43.) Two years later, the parties' relationship deteriorated, and each side accused the other of breach of contract and misconduct. (*Id.* ¶ 37.)

  On February 18, 2021, ICare and Healthcap filed a complaint in the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County for declaratory and injunctive relief against BHCC. ICare and Healthcap sought a

declaration from the Court regarding their rights under the two contracts and injunctive relief to stop BHCC from encroaching on their contractual rights and misappropriating trade secrets and confidential business practices to operate its own pharmacies. BHCC removed the case to this Court and that case has been assigned to United States District Judge Jose E. Martinez under case number 21-cv-20897-Martinez.

Instead of filing counterclaims in that case, on March 4, 2021 BHCC filed the subject action under case number 21-cv-20872-Scola against ICare and Healthcap for declaratory relief related to the same agreements and alleging claims of breach of contract, unfair competition in violation of the Lanham Act, conversion, fraud, tortious interference, negligence, and breach of fiduciary duty. BHCC moved to consolidate both actions. (ECF No. 18.) ICare and Healthcap oppose the motion (ECF No. 23) and moved to dismiss the operative complaint for lack of jurisdiction, violating the first filed rule, and failure to state a claim. (ECF No. 25.)

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *AIG Prop. Cas. Co. v. Charlevoix Equity Partners Int'l Inc.*, No. 16-24272-CIV, 2017 WL 222053, at *1 (S.D. Fla. Jan. 18, 2017) (Moreno, J.) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)). The "first to file" rule is premised on principles of comity and sound judicial administration and serves to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id*. When the first to file rule is applicable, a district has ample degree of discretion to stay, transfer, or dismiss a duplicative late-filed action. *Id.* To overcome the presumption favoring the forum of the first-filed suit, the objecting party must "carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel,* 430 F.3d at 1135.

ICare and Healthcap argue that dismissal is appropriate here because the instant case is duplicative of the one filed in state court and now pending before Judge Martinez. (ECF No. 25 at 4-5.) BHCC does not dispute that both actions arise from the same set of facts and involve the same parties, nor does it challenge that the first to file rule applies. Instead, BHCC argues that to avoid dismissing the action, it has moved to consolidate the cases. (ECF No. 29 at 19-20.) It is worth noting that BHCC has done little to explain why it filed a wholly separate action, instead of proceeding in the earlier action it removed to this division.

In light of the foregoing principles, the Court finds that the first to file

rule applies here and that dismissal is the most efficient course of action. BHCC's claim for declaratory relief is virtually identical to the claim filed in the first-filed case and the parties' remaining claims stem from the same set of facts. It is in the interest of judicial economy to not have two district judges adjudicating the same issues. *AIG Prop. Cas. Co.*, 2017 WL 222053, at *1 (granting motion to dismiss because the first to file rule applied to duplicative case initiated in state court and later removed to this division); *see also Heritage Schooner Cruises, Inc. v. Acadia Ins. Co.*, No. 09-22579-CIV, 2009 WL 10699880, at *1 (S.D. Fla. Nov. 30, 2009) (recognizing that the date the removed action was filed in state court is the controlling date for the purposes of determining which of the two actions has priority under the first filed rule) (Jordan, J.). Indeed, the adjudication of case number 21-cv-20897-Martinez is likely to resolve all the issues between the parties. Accordingly, the motion to dismiss is **granted**.

The Clerk is directed to **close** this case and **deny** all pending motions as moot. **(ECF Nos. 12, 18, 19.)**

**Done and ordered** in chambers in Miami, Florida, on April 20, 2021.

Robert N. Scola, Jr.
United States District Judge